IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-00139-01-CR-W-DGK |
| ) | |
| JAMES E. HORNE, JR, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On July 23, 2020, counsel for Defendant James E. Horne, Jr. filed a motion pursuant to 18 U.S.C. § 4241 for a determination of Defendant's mental competency to stand trial. Doc. 20. On July 27, 2020, the Court granted the motion. Doc. 22. The Court directed a psychological or psychiatric examination of Defendant be conducted and the report be filed with the Court pursuant to 18 U.S.C. § 4247(b). *Id*.

Defendant was designated to the Metropolitan Correctional Center (MCC) in Chicago, Illinois for evaluation. By letter dated October 30, 2020, the Warden of said facility requested a 15-day extension to complete the examination. This Court granted the requested extension and ordered the examination to be sent to the Court no later than December 14, 2020. Doc. 31. By letter dated December 14, 2020, the Warden again sought an extension to complete the examination, specifically indicating the examination would be completed by December 31, 2020. On January 15, 2021, the Court received a psychological report from David Szyhowski, Psy.D., who concluded Defendant was competent to understand the nature and consequences of the proceeding against him and assist properly in his defense. Doc. 34.[1]

---

[1] A copy of the report was provided to and reviewed by counsel for Defendant and the Government.

On February 26, 2021, a hearing was held pursuant to 18 U.S.C. § 4247(d) for the purpose of determining Defendant's mental competency to stand trial. Doc. 41, 43. Counsel for the Government, Mike Green, Counsel for Defendant, Ronna Holloman-Hughes, and Defendant all appeared in person.[2] Initially, counsel for the Government and counsel for Defendant stipulated that the Court could consider Dr. Szyhowski's psychological report as if Dr. Szyhowski had appeared in person and testified under oath. Doc. 43 at 5. Subsequently, Defendant made two proffers to the Court related to the report. *Id*. at 6-9. First, Defendant proffered he did not have a conversation with Dr. Szyhowski regarding his mother's pregnancy. *Id*. at 6. Second, Defendant proffered he did not understand the Minnesota Multiphasic Personality Inventory 2 ("MMPI-2") he was administered, so he received help from his cellmates to complete it. *Id*. at 6-9. The Court accepted the first proffer, finding the statements regarding Defendant's mother's pregnancy had no impact on the outcome of the report or the conclusions reached by the doctor regarding competency. *Id*. at 8. After the Court indicated it may need a recess so it could review the effect of the second proffer as to the overall conclusions of the doctor, counsel for Defendant recommended calling Dr. Szyhowski for testimony to determine the impact, if any, the proffer may have had on his report. *Id*. at 10. The Government agreed to this request. *Id*.

The Court resumed its hearing on February 26, 2021 to accept the testimony of Dr. Szyhowski via telephone without objection from either party. *Id*. at 10. Dr. Szyhowski testified, under oath, that the MMPI-2 he administered to Defendant provided "additional information to consider," but was not the only factor he considered when reaching his ultimate conclusions. *Id*. at 16-17. Dr. Szyhowski further testified that if other inmates helped Defendant in completing the MMPI-2, it would not have impacted his ultimate conclusion that Defendant is competent to

---

[2] During the hearing, the Court advised Defendant it was in receipt of his two motions requesting new counsel. Docs. 29, 36. The Court informed Defendant that the pending motions would not be addressed unless and until the District Court found he was competent. Doc. 43 at 25-26.

proceed in this case. *Id*. at 20. Dr. Szyhowski indicated his ultimate conclusion was "based on more than one measure," including the individual interview he had with Defendant. *Id*.

Based on the report and testimony of Dr. Szyhowski, the Court accepted the second proffer made by the Defendant that he had assistance completing the MMPI-2. The Court found that the proffered information did not impact the ultimate opinion of Dr. Szyhowski that Defendant is competent to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Based on the record before the Court, including the findings of Dr. Szyhowski in his report and his testimony, it is

RECOMMENDED that the District Court find Defendant is competent to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

Counsel are reminded they have fourteen days in which to file any objections to this Report and Recommendation. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation except on the grounds of plain error or manifest injustice.

DATE: March 3, 2021

*/s/ W. Brian Gaddy*
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE