IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-00139-01-CR-W-DGK |
| | ) |
| JAMES E. HORNE, JR., | ) |
| | ) |
| Defendant. | ) |

## ORDER

On June 23, 2020, a grand jury issued a three-count indictment charging Defendant James E. Horne, Jr. with possession with the intent to distribute mixtures containing a detectable amount of methamphetamine, cocaine, and heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(A)(i); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Doc. 9. On June 26, 2020, Defendant was arraigned. Doc. 16.

Less than one month after Defendant was arraigned, his appointed counsel moved for a psychiatric examination pursuant to 18 U.S.C. § 4241. Doc. 20. The Court granted the motion. Doc. 22. In January 2021, the Court received a psychiatric report, and in February 2021, the Court held a competency hearing. Docs. 34, 41. The undersigned issued a report recommending the District Court find Defendant competent to stand trial. Doc. 44. The District Court adopted the undersigned's recommendation on April 22, 2021. Doc. 47.

On May 11, 2021, the Court held a hearing to address Defendant's three pending requests for appointment of new counsel. Docs. 29, 36, 48, 50. Thereafter, the Court appointed new counsel. Doc. 51. However, in July 2021, Defendant asked to proceed pro se in this matter. Doc. 53. After

conducting an extensive inquiry of Defendant, the Court granted his request to proceed pro se.[1] Docs. 56-57. The Court also ordered that Defendant's most recently appointed counsel, Katrina Robertson, serve in the limited capacity of stand-by counsel for trial and potential evidentiary hearings. Doc. 57.

One week later, Ms. Robertson requested a second psychiatric examination of Defendant. Doc. 65. The Government did not oppose the motion. Doc. 66. Based on the information in stand-by counsel's motion, the Court found there was reasonable cause to believe Defendant might be suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Doc. 68 at 3-4. Pursuant to 18 U.S.C. § 4241(a), the Court granted stand-by counsel's motion. *Id*. at 4-5. Shortly thereafter, the Court granted stand-by counsel's request to continue the trial in this matter to January 10, 2022. Docs. 69-70.

As of the date of this Order, the Court has not received the psychiatric report regarding Defendant's mental competency. According to the facility at which the evaluation is being conducted, Defendant's evaluation will be completed on or about December 21, 2021, and the facility's report will be provided to the Court by January 11, 2022, which is one day after the current trial setting begins.

In any case in which a plea of not guilty is entered, the defendant's trial shall commence within seventy days from the filing of the information or indictment or the date of the defendant's first appearance, whichever comes last. 18 U.S.C. § 3161(c)(1) (Speedy Trial Act). In computing the time within which the trial must occur, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. The time required to complete the competency evaluation and adjudicate Defendant's

---

[1] In subsequent pro se filings, Defendant has asked the Court to appoint new counsel claiming he was on suicide watch during the time frame of the *Faretta* hearing and "couldn[']t have made an intelligent decision during my [F]aretta hearing…." Doc. 73 at 1; Doc. 74 at 1. The Court will address whether new counsel should be appointed for Defendant once he returns from his psychiatric evaluation, and all mental competency issues have been resolved.

2

competency to understand the nature and consequences of the proceedings against him or to assist in his defense is excludable from the time during which the case must proceed to trial. *See* 18 U.S.C. § 3161(h)(1)(A) (recognizing as excludable time the "delay resulting from any proceeding, including any examinations, to determine the mental competency…of the defendant"); *see also* 18 U.S.C. § 3161(h)(1)(F) (recognizing as excludable time certain delay attributable to the transportation of the defendant to and from the places of examination). To date, the Court has not received the mental competency report, and Defendant remains at the facility where he continues to be evaluated. Accordingly, the Court cannot adjudicate Defendant's mental competency at this time.

In addition, Defendant's pro se motion to suppress and motion for a *Franks* hearing, which were filed before the Court granted counsel's request for a psychiatric evaluation, remain pending. Docs. 58, 60. Defendant, on multiple occasions, has asked the Court to "pause" briefing and proceedings on those motions while he undergoes the mental competency evaluation. *See* Docs. 82, 88, 93. The Court has previously issued orders indicating it would not take action on the pending pretrial motions until Defendant is returned to this district, and a final determination is made with regard to Defendant's mental competency. Doc. 90 at 6; Doc. 94. Under 18 U.S.C. § 3161(h)(1)(D), delay "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," shall be excluded.

Furthermore, any period of delay resulting from a continuance granted by a judge on his own motion is excludable if the Court finds "the ends of justice served by the taking such action outweigh the best interest of the public and the defendant in a speedy trial," and the Court sets forth the reasons for such finding. *See* 18 U.S.C. § 3161(h)(7)(A). Because Defendant continues to be evaluated and the facility has not provided its competency report, he presumably does not have access to his discovery or legal papers at the facility where his psychiatric examination is occurring, he has filed pretrial motions but asked the Court to "pause" or stay this case until he returns from the evaluation

3

so he can be afforded reasonable time to review discovery and the Government's responses to his motions and prepare and file reply briefs, and he has suggested in various pleadings that he now wants the Court to reappoint counsel to represent him and his prior waiver of counsel was not knowing and voluntary, the Court's failure to grant a continuance would likely result in a miscarriage of justice and would deny Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. After careful consideration of the factors set forth in 18 U.S.C. § 3161(h)(7)(B), the Court on its own motion has determined the unique and complex procedural posture of this case require a continuance of the current trial setting of January 10, 2022.

Based on the foregoing, the Court finds the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in speedy trial. The Court, in ordering this case removed from the January 10, 2022 Joint Criminal Jury Trial Docket, is not doing so because of congestion of the Court's calendar, in accordance with 18 U.S.C. § 3161(h)(7)(C).

For these reasons, it is

ORDERED that the Court's motion to continue the current trial date is **GRANTED**. This case is removed from the January 10, 2022 Joint Criminal Jury Trial Docket. It is further

ORDERED that this case is set for trial on a date to be determined after further consultation between the parties and the Court. It is further

ORDERED that, pursuant to 18 U.S.C. § 3161(h), the time between the date of this Order and the trial setting shall be excluded in computing the time within which this trial must commence pursuant to provisions of 18 U.S.C. § 3161(h) identified above.

**IT IS SO ORDERED.**

DATE: December 14, 2021       /s/ *W. Brian Gaddy*
                              W. BRIAN GADDY
                              UNITED STATES MAGISTRATE JUDGE