# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-00139-01-CR-W-DGK |
| | ) | |
| | ) | |
| JAMES E. HORNE, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending is Defendant's Motion Challenging Grand Jury Testimony, which was filed on December 13, 2022. Doc. 142. The Government filed Suggestions in Opposition on January 17, 2023. Doc. 148. Defendant did not file a reply, and the time for doing so has passed. L.R. 7.0(c)(3). For the reasons set forth below, the Court **DENIES** Defendant's motion.

## I.        BACKGROUND AND PROCEDURAL HISTORY

On June 23, 2020, the grand jury returned a three-count indictment charging Defendant with possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(A)(i), and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. 9.

In August 2021, the Court granted Defendant's request to proceed pro se. Docs. 53, 56-57. Over Defendant's objection, his counsel's appointment was converted to that of stand-by counsel for trial and any potential evidentiary hearings. Doc. 57. Shortly thereafter, Defendant's then-stand-by counsel moved for Defendant's competency to be evaluated, which the Court granted. Docs. 65, 68. During his competency evaluation, on December 14, 2021, the grand jury

returned a superseding indictment. Doc. 96. In addition to the previous charges, the grand jury also charged Defendant with carjacking in violation of 21 U.S.C. § 2119(2), brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924 (c)(1)(A)(ii), and possession with the intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *Id*.

During his competency evaluation, Defendant filed several pro se requests including but not limited to a pro se motion requesting discovery "under Rule 26" related to the history of the truck he allegedly carjacked, the alleged victim's medical records, and any statements from law enforcement regarding the charges filed against him. Doc. 98. Upon returning to the Western District of Missouri and before a competency hearing was held, the Court appointed James Spies to represent Defendant. Doc. 109. Once found competent to stand trial, Defendant requested Mr. Spies continuing representing him. Doc. 124. Consequently, the Court denied without prejudice Defendant's pro se request for discovery (Doc. 98) and informed defense counsel that he could file a separate motion if he believed there was any merit to Defendant's pro se motion. Doc. 133. Because, as discussed above, Defendant's competency was being assessed when the superseding indictment was returned, he was not arraigned on those charges until August 12, 2022, three days after he was deemed competent to stand trial. Docs. 68, 121, 124.

On September 20, 2022, the grand jury returned a second superseding indictment charging Defendant with the same crimes set forth in the superseding indictment but with one change. Doc. 128. In particular, the grand jury charged Defendant with discharging – not brandishing – a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(A)(ii). *Compare* Doc. 96 *with* Doc. 128. One week later, Defendant was arraigned on the second superseding indictment. Doc. 130.

On December 13, 2022,[1] defense counsel filed, among other things, a Motion Challenging Grand Jury Testimony (Doc. 142), which is the subject of this Order.  Counsel notes Detective Tom Burchfield with the Independence, Missouri Police Department testified before the grand jury that Defendant allegedly carjacked a truck manufactured in Dearborn, Michigan.  *Id*. at 2.  Defendant "challenges the validity of evidence presented during the grand jury proceedings and requests the government to [sic] produce evidence" of where the truck was manufactured."  *Id*. at 1 (citing Fed. R. Crim. P. 16(a)(1)(E)).[2]  The motion also claims to "incorporate the previously filed *pro se* motion for discovery and to supplement it further."  *Id*. at 2.

The Government opposes Defendant's motion, arguing Defendant may not challenge whether sufficient proof was presented to the grand jury.  *See* Doc. 148 at 2-3.  The Government also represents it will provide additional documents or information it obtains related to the truck's interstate transportation.  *Id*. at 3.[3]

## II.    DISCUSSION

### A.    Challenge to Validity of Evidence Presented to Grand Jury

Defendant requests the Government produce evidence establishing the state in which the truck was manufactured.  *See* Doc. 142.  Similarly, Defendant's previously denied pro se motion

---

[1] Defendant's pretrial motions were due on December 12, 2022; however, his motions were filed one day late.  Docs. 130, 132, 140-44.  The Government informed the Court via electronic mail that it did not object to the belated filings.  The Court deems the motions timely filed.

[2] The sole relief requested by Defendant is the Government's production of evidence establishing the state in which the truck was manufactured.  *See* Doc. 142.  His motion suggests the carjacking charge should be dismissed due to lack of sufficient evidence <u>if</u> the Government is unable to produce evidence of the truck's state of origin.  Doc. 142 at 3.  The Court does not construe this suggestion as a request for dismissal, but rather an indication of what defense counsel intends to present if the Government fails to establish the truck's interstate transportation.

[3] On March 2, 2023, the undersigned held a hearing.  Doc. 154; Doc. 157 (hereinafter, "Tr.").  Neither the Government nor Defendant offered evidence or argument related to Defendant's Motion Challenging Grand Jury Testimony.  Tr. at 47-48.  Both parties rested on the filings.  *Id*.

requested discovery of, among other things, the history of the motor vehicle. Doc. 98 at 2-3.[4] To the extent Defendant requests other relief due to the allegedly invalid evidence presented to the grand jury, his motion fails. "It has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury." *United States v. Nelson*, 165 F.3d 1180, 1182 (8th Cir. 1999) (citing *Costello v. United States*, 350 U.S. 359, 363-64 (1956) and *United States v. Cady*, 567 F.2d 771, 776 (8th Cir. 1977)). Therefore, the Court **DENIES** Defendant's motion to the extent it seeks relief beyond discovery (as discussed below) based on the allegedly invalid evidence presented to the grand jury.

## B. Request for Discovery

Defense counsel's motion asks the Government to produce evidence establishing the truck was manufactured outside of Missouri.[5] *See* Doc. 142. The Federal Rules of Criminal Procedure and the Court's Orders (Docs. 18, 26, 132) govern discovery in this matter. Pursuant to Rule 16(a)(1)(E), which is cited by Defendant, the Government must produce or allow Defendant to inspect and copy documents in its possession, custody, or control that are "material to preparing the defense," or "the government intends to use . . . in its case-in-chief at trial." Fed. R. Crim. P.

---

[4] In his pro se motion, Defendant said his discovery requests "will prevent a Jurisdiction Violation, an Interstate Commerce Clause Violation, and a Prosecutor Suppression of Evidence Violation . . . ." Doc. 98 at 3. Similar to defense counsel's motion, Defendant suggested if the evidence is not produced, his rights may be violated. *Id.* The Court does not construe Defendant's suggestion as a request for relief beyond the Government producing discovery.

[5] In addition to evidence establishing where the truck was manufactured, Defendant's previously denied pro se motion requested medical records and statements from law enforcement. Doc. 98 at 2-3. Although defense counsel claimed to incorporate Defendant's previously denied pro se motion, the pending motion does not reference medical records or statements from law enforcement. *See* Doc. 142. Thus, it appears defense counsel does not request that evidence. To the extent it is sought in defense counsel's motion, the request is denied because he provides no authority for obtaining said evidence.

16(a)(1)(E) (i)-(ii)[6]; *see also* Doc. 18 at 4. The Government also has a continuing duty to disclose additional such evidence. Fed. R. Crim. P. 16(c)(1)-(2).

Defendant suggests the Government has not produced certain evidence. *See* Doc. 142. But he does not indicate or allege the Government has not complied with its discovery obligations. *See id*. In response to Defendant's motion, the Government acknowledges its discovery obligations. Doc. 148 at 3. It represents it "will provide any additional documents or information it obtains on [interstate transportation of a vehicle] to [Defendant] via discovery." *Id*.

The Government recognizes its discovery obligations, and there is no indication the Government has failed to comply with the same. Specific to the alleged interstate transportation of the vehicle, the Government has agreed to provide Defendant with evidence of the vehicle's interstate transportation if said evidence is obtained. Thus, Defendant's motion is premature or moot, and the Court **DENIES WITHOUT PREJUDICE** Defendant's motion with regard to his request that the Government disclose certain evidence.

**IT IS SO ORDERED.**

DATE: May 1, 2023

  */s/ W. Brian Gaddy*
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE

---

[6] The Court presumes the evidence was not obtained from or belonged to Defendant. Thus, Rule 16(a)(1)(E)(iii) of the Federal Rules of Criminal Procedure is inapplicable.